# Garrity *v.* Bituco Mfg. & Chemical Co., Appellant.

*Workmen's compensation—Commutation—Remarriage of widow—Acts of June 2, 1915, P. L. 736, and June 26, 1919, P. L. 642—Appeals—Discretion—Answer.*

1. An answer to an application for commutation should set up the specific objection relied upon by the employer.

2. Where the remarriage of the widow is the ground for objection to her application for commutation, it should be set up in the answer.

3. If the specific objection is not brought upon the record in advance of the hearing, an order in favor of the commutation may not be reversed on appeal.

4. In determining the question of what is "undue expense or undue hardship to either party," within the meaning of section 316 of the Act of June 2, 1915, P. L. 736, the board, on a widow's application for commutation, must consider the question of her remarriage.

5. Where the board is reasonably certain that a remarriage is not intended, commutation should be granted, under the Act of June 26, 1919, P. L. 642, without safeguarding the rights of the employer, and it should not be ordered where the contrary appears.

6. In doubtful cases, the board, in the exercise of a sound discretion, may refuse commutation, or may grant it on condition that some adequate indemnity or other safeguard be given.

7. Where there is an abuse of such discretion, either in ordering or failing to order the safeguard to be given the employer in event of remarriage, that question may be determined on appeal.

Argued January 4, 1923. Appeal, No. 135, Jan. T., 1923, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1921, No. 3531, affirming decision of Workmen's Compensation Board, granting commutation, in case of Margaret Garrity v. Bituco Manufacturing & Chemical Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board, granting commutation. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

Appeal dismissed. Defendant appealed.

*Error assigned* was order, quoting record.

*Russell Duane,* of *Duane, Morris & Heckscher,* for appellant.—Plaintiff is not entitled to a commutation of future installments of compensation unless provision is first made for indemnification of defendant in event of plaintiff's remarriage: Pinkney v. R. R., 266 Pa. 566; Murphy v. R. R., 68 Pitts. L. J. 553; Adams v. Ry., 220 N. Y. 579; Ferdisko v. Trimble & Sons, 272 Pa. 125.

No argument nor printed brief for appellee.

OPINION BY MR. JUSTICE KEPHART, March 19, 1923:

Appellee, a widow, asked commutation of future installments payable under a compensation agreement arising from the death of her husband. The employer objected unless there was evidence to sustain the requirements of the act. No specific reason was assigned; the answer merely denied the right in the language of the act. Section 316 of the Act of June 2, 1915, P. L. 736, 748, provides, "The compensation contemplated by this article may at any time be commuted by the board...... if it appear that such commutation will be for the best interest of the employee or the dependents of the deceased employee, and that it will avoid undue expense or undue hardship to either party." The board ordered commutation, and an exception thereto was taken by appellant as follows: "The board erred in its action in commuting the payments of compensation due the claimant, a widow, without making any provisions to safeguard the rights of the employer in the event of her remarriage." This precise question was not raised in the answer, and, while no particular form of pleading is prescribed by the act or the rules of the board, yet, in fairness to claimants, they should be advised in some manner of a specific objection, like the one now urged, so they may know what to meet. The widow had no information that possible remarriage would be set up to defeat her claim for commutation; it was not until after the case was argued before the board that the question was presented. As the specific objection was not brought upon the record in advance of the hearing, we might not reverse under such circumstances, even if appellant's position be entirely sound. However, as the matter is of importance, one wherein the lower courts of the Commonwealth disagree, we shall indicate the rules that should govern in like cases.

Formerly the interest of the widow ceased upon remarriage. By the amendment of June 26, 1919, P. L. 642, 649, on remarriage she receives the value of the compensation payable to her during one-third of the period remaining, not exceeding one hundred weeks, to be calculated under section 316. Appellant urges that, in all cases where a widow applies for commutation, the fact of possible remarriage must be considered, and the employer must be safeguarded in some manner; to grant commutation in such cases without providing for some sort of indemnification works a hardship, as it takes from the employer a substantial sum which cannot be recovered back in event of remarriage, where, if the latter fact was known, she would be entitled to but a third of this sum. To this the board replies that in no such case should the question of remarriage be considered, except when it may be requested under the above amendment, as there is nothing in the act restricting the class who may receive. The term "dependent" is used without qualification or exception, and, if there is any prohibition against commuting to a widow on the ground stated, it must be implied, for it is nowhere expressed. The chairman of the board states that, in all cases of commutation followed by death, the employer is deprived "of the chance" to stop payments, because of such death. So, also, where commutation is followed by remarriage, the employer loses the same chance. In other words, when commutation is asked for, neither death nor remarriage is to be considered in deciding the case, and the term "undue hardship to either party" does not give the board power to so consider them.

We do not agree with either view. The one adopts a hard, rigorous policy toward the widow, while the other places no limitation on the right to commutation where remarriage is possible. We said, in **Lovasz v. Carnegie Steel Co., 266 Pa. 84, 85,** a widow with minor children is not entitled to commutation without joinder of a guardian for the children who would act under au-

thority of the court; it is there stated (p. 85), "Commutation is the exception to the rule, for the reason that lump sum payments are often quickly dissipated and do not afford the regular relief so necessary to the widow and orphans. Commutation is permitted only when it appears that the best interests of the employee and his dependents are to be served and when it will avoid undue hardship." Commutation is not to be granted in every case, and can be granted only when the terms of the act are fully complied with. The legislature sought to avoid the improvident acts of inexperienced widows, brought about through receiving a large sum of money, thereby becoming the prey to evilly-disposed designing persons.

The intent and spirit of the compensation law is to provide a fund to insure to widows and other dependents of deceased employees a regular competence for a certain period of time because of their inability to adequately provide for themselves. It is based on a social obligation, or on a right springing from the situation of the parties because of the service performed in furtherance of the employer's business when the employee was injured. It was not intended this purpose should be carried beyond its true import; to do so would create an anomalous condition, naturally resulting from remarriage, with compensation continued thereafter. At first, payments ceased immediately on remarriage. This had the effect of creating practices that required relief; so, to induce freedom of remarriage, one-third of the balance of installments to become due were given when that event took place. This amendment further emphasized the true reason for the law; when a new husband stepped forward to take the place of the one deceased, the responsibility of the employer ceased beyond that felt necessary to assuage the distress occasioned by the first husband's death.

Though the act is remedial, and is to receive a liberal construction (Pater v. Superior Steel Co., 263 Pa. 244, 246), it should not be construed so as to subject the em-

ployer to an additional financial burden, brought about through no fault of his own (Ferdisko v. Trimble & Sons, 272 Pa. 125, 127), but it should be made to include all financial burdens within its reasonable contemplation, or those arising under or from circumstances as they naturally transpire. So, in construing the term "undue hardship to either party," we must give to it the natural, normal meaning the legislature intended. It is not limited solely to the manner or means of payment; there are many other circumstances that will work undue hardship, and the question before us is, Does possible remarriage make out such case? It would be impossible to announce a rule that would govern in all cases; the contingencies are as diverse as the subject itself. On the hearing of these petitions, remarriage may appear to be reasonably certain, but, on the other hand, the contrary may also be made manifest. Again, after hearing the evidence, the board may be led into the zone of doubt. Obviously the legislature did not intend the employer's money should be given the widow, where it was reasonably certain she would re-wed. It is not a correct statement of the law to say commutation is to be permitted regardless of that question, as it is of death. It required affirmative words to be written into the law to cause commutation to be made regardless of the latter; and, on the other hand, the former's bearing on commutation was considered when it allowed payments for one-third the time if such was to take place. Nor is it entirely a correct statement to liken remarriage to death in determining commutation. Ordinarily death is unavoidable, but remarriage is a matter entirely within the control of the individual. It scarcely needs argument to justify the statement that it is not only unfair, but would work undue hardship, to require the employer to pay a large principal sum, in total disregard of the fact that a month later, all this liability, or a large part of it, will cease through another marriage of the claimant. To so hold would not be a logical interpretation of the words

"undue hardship to either party"; it gives no protection, and in the end would aid through its unjustness to undermine the act, which is to provide for workmen and their dependents.

"Undue expense" or "undue hardship to either party" does not mean that permission is given to grant commutation in any and all cases, but the terms were used in a restrictive sense. It is contrary to the express language used and against public policy to order the employer to pay what, in law, he is declared not bound to pay. Likewise, it would be unfair for the board to hold that every widow asking commutation is presumed to be acting dishonestly in that she is seeking to secure a large sum of money on the eve of a second marriage. The board has no more right to prejudge her case and embarrass her than a judge has to conclude a defendant is guilty from his looks. These widows are entitled to the presumption of dealing fairly, and that their request is based on the future good that will come in other ways than that here disputed.

In determining the question of undue hardship, acting under the authority of section 316, consideration must be given to remarriage when that question is put in issue. Where the board is reasonably certain it is not intended, commutation should be granted without safeguarding the rights of the employer, and it should not be ordered where the contrary appears. In doubtful cases, the board, in the exercise of a sound discretion, may refuse commutation, or may grant it on condition that some sort of indemnity or other safeguard be given. Where there is an abuse of sound discretion, either in ordering or failing to order the safeguard to be given the employer in event of remarriage, that question may be determined on appeal, as in other cases. The form such safeguard may take is largely a matter for the board, who, to work out the benefits of the act, must do so with the least embarrassment to those to be benefited.

Judgment affirmed.