Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania, Gooding's Million Dollar Midway, Inc. and State Workmen's Insurance Fund, Insurance Carrier, *v.* Winifred Montrose, Mother of John J. Montrose, deceased. Winifred Montrose, Appellant.

98

Argued June 6, 1975, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Arthur Ed. Saylor,* with him *Edelman, Schaeffer, Saylor, Readinger & Poore,* for appellant.

*Frank J. Toole, Sr.,* Special Assistant Attorney General, with him *John E. O'Connor,* Assistant Attorney General, and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, July 1, 1975:

Winifred Montrose, a Workmen's Compensation claimant, here appeals from an order of the Workmen's Compensation Appeal Board (Board) reversing a referee's decision to grant her petition for the commutation of weekly partial dependency payments.

In August of 1971, appellant's eighteen year old son, who had been living with her and contributing to her support, was killed in a work-related accident. The appellant filed a fatal claim petition and, after a referee's hearing in June, 1972, was awarded $25.00 per week as partial dependency benefits and $750.00 for burial expenses. Nine months thereafter[1] she filed a petition for commutation[2] of the partial dependency benefits. A ref-

---

1.   April 11, 1973. Therefore, the 1972 amendments to the Act are applicable. *See Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

2.   Section 308 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §601 (Supp. 1974-1975) provides: "Except as hereinafter provided, all compensation payable under this article shall be payable in periodical installments, as the wages of the employe were payable before the injury." One exception to this rule for mode of payment is found in Section 316 of the Act, *as amended,* as quoted in the text here, *infra.* Thereunder commutation or the present payment of future

eree's hearing was held at which appellant was the only witness. Her testimony revealed that: she is 45 years old and lives in a rented home with three children, none of whom are minors; she has been abandoned by her husband and receives no support from him; her yearly income, the combination of her own wages and contributions from a daughter who was working, fall short of her yearly expenses by approximately $800; increased housing costs and significant medical expenses appear likely in the future; and, if her Workmen's Compensation payments should be commuted she would discharge her debts, including one for counsel fees, and purchase a house in order to avoid the financial and locational uncertainties of rental living.

Concluding that commutation would be in the best interests of the claimant,[3] the referee granted her petition with credit to the insurer, the State Workmen's Insurance Fund, for payments made under the original partial dependency award. Noting that Section 316 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §604 (Supp. 1974-1975) vests the Board with exclusive jurisdiction of questions of requiring indemnity[4] incident to commutation, the referee refused to rule on the insurer's demand for indemnity. On appeal, the Board concluded that: (1) under the Act concurrent original jurisdiction rested with

---

benefits in one lump sum, with a discount of such payments at five per cent, is allowed under described circumstances and conditions.

3. One authority in the field suggests that commutations are rarely granted since they run contrary to the clear intent of the Act that a regular income, payable in installments over a long period, be provided. 1 A. Barbieri, Pennsylvania Workmen's Compensation §5.43 at 153 (1975).

4. Indemnity, of course, when required, is to protect the employer against future loss. *See Garrity v. Bituco Mfg. & Chemical Co.,* 277 Pa. 88, 120 A. 764 (1923); *DiLorenzo v. Carnegie Steel Co.,* 91 Pa. Superior Ct. 64 (1927).

the referee and the Board to hear petitions for commutation; (2) indemnity sufficient to guarantee repayment in the event of claimant's remarriage was impractical in this case; and (3) communtation without indemnity here would cause an unacceptable risk of undue expense[5] to the insurer. The Board therefore denied the prayer of the petition. This appeal followed.

The appellant first contends that the referee has exclusive jurisdiction of petitions for commutations and that the Board is without power to set aside the referee's action.

Section 412, *as amended,* 77 P.S. §791 (Supp. 1974-1975), provides:

"If any party shall desire the commutation of future installments of compensation, he shall present a petition therefor to the department to be heard and determined *by a referee:* Provided, That where there are no more than twenty-five weeks of compensation to be commuted, the insurer or self-insurer may commute such future installments without discount upon furnishing the employe written notice of the commutation on a form prescribed by the department, a copy of which shall be filed immediately with the department." (Emphasis supplied.)

Section 316 of the Act, *as amended,* 77 P.S. §604 (Supp. 1974-1975), provides:

"The compensation contemplated by this article may at any time be commuted *by the board,* at its then value when discounted at five per centum interest, with annual rests, upon application of either party, with due notice to the other, if it appear that such commutation will be for the best interest of the employe or the dependents of the deceased employe, and that it will avoid undue expense or undue hardship to either party, or that such employe or dependent

---

5. *See* Section 316 of the Act, *as amended,* 77 P.S. §604 (Supp. 1974-1975).

has removed or is about to remove from the United States, or that the employer has sold or otherwise disposed of the whole or the greater part of his business or assets: Provided, however, That unless the employer agrees to make such commutation, the board may require the employe or the dependents of the deceased employe to furnish proper indemnity safeguarding the employer's rights." (Emphasis supplied.) The Board took the position that the perhaps unfortunate, but nevertheless clear, result of the two sections is that the referee and the Board have concurrent original jurisdiction to hear petitions for commutation and that when the proceedings have been commenced before the referee, the Board on appeal may reverse the referee's determination based on the Board's judgment of the circumstances as related to the considerations contained in Section 316. We agree with the Board that the sections cited confer on the Board the power to determine whether commutation is in the petitioner's best interest and of deciding if grant or denial will cause undue hardship or undue expense to either party, whether the petition comes to it originally under Section 316 or on appeal from a referee's decision under Section 412. If the petition is first heard by a referee, the referee's findings of fact which are supported by competent evidence may not be disturbed by the Board under the rule of *Universal Cyclops, supra;* however, the question of whether on those facts commutation should be granted is one of law. Consideration of the necessity and practicality of provision of indemnity committed to the Board are obviously relevant to the decision of whether commutation should be allowed.

The appellant additionally argues that the referee has exclusive original jurisdiction to determine the question of indemnity. We reject this position on the basis of the plain language of Section 316 imposing this duty on the Board and the absence of similar authorization to the referee by Section 412.

The appellant finally charges the Board with an abuse of discretion. The Board emphasized that there is no practical means of indemnifying the employer against the chance that the appellant might remarry, as there is (by life insurance) against untimely death. Section 307 of the Act, *as amended,* 77 P.S. §562 (Supp. 1974-1975), provides in pertinent part: "Should any dependent of a deceased employe die or remarry . . . the right of such dependent or widower to compensation . . . shall cease." Appellant asserts that the Legislature meant only to disqualify spouses of deceased employes and did not intend to disqualify other dependents, including mothers. However, Section 307 explicitly provides that the remarriage of *any* dependent shall cause the cessation of *such* dependent's right to receive compensation and we cannot change the plain meaning of the statute. The commuted value of the appellant's benefits is in excess of $20,000 and she is presently separated from her husband. We find no abuse of the Board's discretion in refusing commutation in these circumstances.

## ORDER

AND NOW, this 1st day of July, 1975, judgment is hereby entered in favor of the State Workmen's Insurance Fund and Gooding's Million Dollar Midway, Inc., and the petition for commutation of compensation filed by Winifred Montrose is hereby dismissed.