John Sexton and Company, Division of Beatrice Foods, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Sam S. Zoria, Respondents.

Submitted on briefs, February 6, 1981, to Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*John J. McAuliffe, Jr., Wojdak & McAuliffe,* for petitioner.

*Carl M. Mazzocone, P.C.,* for respondent.

OPINION BY JUDGE CRAIG, March 2, 1981:

In this workmen's compensation appeal, the employer[1] questions an award of benefits by the board,[2] affirming a referee's decision awarding benefits to the claimant,[3] a truck driver.

---

[1] John Sexton and Company.

[2] Workmen's Compensation Appeal Board.

[3] Sam S. Zoria.

On December 26, 1976, the claimant suffered a work-related injury to his back and ankle when he fell from his truck while making a delivery. The claimant received temporary total disability compensation at the rate of $187 per week from January 24, 1977 through April 14, 1977. The employer filed a termination petition on April 15, 1977, based on a physician's affidavit that claimant's disability had ceased, and, after an answer and hearings, a referee found that the claimant continued to be disabled due to his work-related injury.

On appeal, the employer contends that the referee capriciously disregarded competent evidence by concluding that the claimant had not recovered from his disabling injury.[4] We cannot agree.

Here the claimant's medical expert testified that the claimant remained totally disabled due to emotional difficulties emanating from his work-related injuries. The employer's medical expert testified that the claimant would probably benefit emotionally if he went back to work.

We find no error in the referee attaching more weight to the testimony of claimant's medical witness than to that of the employer's medical witness. Determinations as to credibility and the choice between conflicting competent medical testimony are within the province of the referee. *Penzoil United, Inc. v. Mitchell*, 27 Pa. Commonwealth Ct. 76, 365 A.2d 905 (1976). Moreover, the referee may properly accept testimony of a general practitioner regarding the relationship of a patient's employment to his disability

---

[4] Where, as here, the referee has found against the party with the burden of proof, our scope of review is limited to whether the referee capriciously disregarded competent evidence in reaching his conclusion. *Lewis v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 70, 401 A.2d 863 (1979).

and reject the conflicting testimony of a specialist, and the referee need not specify his reason for the credibility decision. *See, City of Hazleton v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 477, 386 A.2d 1067 (1978).

Neither medical witness' qualifications were in dispute. Therefore, we cannot find that the referee capriciously disregarded competent evidence by concluding that the claimant's disability continued.

Accordingly, we affirm the decision of the board.

ORDER

AND Now, March 2, 1981, the order of the Workmen's Compensation Appeal Board at Docket No. A-77272, dated October 10, 1979 is affirmed, and judgment is entered in favor of claimant, Sam S. Zoria, and against John Sexton and Company.