Raymond T. Huskins, Petitioner *v.* Workmen's Compensation Appeal Board (University of Pennsylvania), Respondents.

Submitted on briefs December 7, 1983, to Judges CRAIG, DOYLE and BLATT, sitting as a panel of three.

*Richard L. Schuster,* for appellant.

*Sharon F. Harvey, Swartz, Campbell & Detweiler,* for respondents.

OPINION BY JUDGE BLATT, February 7, 1984:

Raymond T. Huskins (claimant) appeals here an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision that the claimant was entitled to commutation of benefits and ordered continued payments on a weekly basis.

The claimant suffered a work-related injury in 1980 and has been receiving weekly benefits for total disability. He requested a commutation of benefits from the referee, pursuant to Section 412 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §791,[1] so that he could build a home on a lot he owned in Johnson County, Tennessee. In the event that further occurences might lower the employer's insurance carrier's liability, the claimant offered the insurance carrier a first mortgage[2] on the property, and the ref-

---

[1] The claimant also could have sought commutation directly from the Board. Section 316 of the Act, 77 P.S. §604. These two statutory provisions have been interpreted as giving the referee and the Board concurrent jurisdiction of commutation requests. *Workmen's Compensation Appeal Board v. Montrose,* 20 Pa. Commonwealth Ct. 97, 340 A.2d 605 (1975).

[2] The terms and conditions of the mortgage would be as follows:

a) The mortgage amount shall be $50,000.00, the amount of the Commuted Benefits after the Statutory Discount.

b) The mortgage shall be executed by Claimant and his wife.

eree ruled that the mortgage was sufficient and awarded commutation. The Board held on appeal by the insurance carrier, as a matter of law, that the mortgage would not adequately protect the insurance carrier's rights, and reversed the referee. The claimant then filed the instant appeal.

c) The mortgage shall bear no Interest during the time Claimant remains totally disabled pursuant to the Workmen's Compensation Act.

d) The principal shall be reduced weekly in the amount of $192.27 during each week Claimant remains totally disabled pursuant to the Act. In the event of change of disability status of Claimant, then during any such periods of less than total disability pursuant to Supplemental Agreement and/or Final Compensation Order, then the said Principal shall be reduced weekly in the amount of benefits payable to Claimant during such periods of less than total disability.

e) Upon the death of Claimant, provided such is not related to the work-related injury and provided Claimant's wife survives him, the principal mortgage balance at the date of death shall be fixed and said amount shall bear Interest from the date of death until payment at the prevailing mortgage interest rate in the Community in which the property is located on the date of death, such Interest Rate being fixed during the remaining term of the mortgage.

f) Provided Claimant's wife predeceases him, upon the death of the Claimant, the said mortgage balance shall be due and payable.

g) The mortgage balance and any Interest accruing thereon shall not be payable until the death of Claimant's surviving spouse.

h) In the event of the sale of the property, prior to the death of Claimant or Claimant and his spouse, the mortgage balance and any Interest accruing thereon shall be immediately due and payable, provided, however, same shall not be payable in the event Claimant, Claimant's spouse and/or Claimant and his spouse use the proceeds of said sale to purchase a subsequent principal residence of a value sufficient to safeguard the Interest of Mortgagee and provided a first mortgage in favor of Mortgagee is executed in relation to the property.

The issues raised here are purely matters of law: 1) Is the mortgage offered by the claimant sufficient indemnity to safeguard the insurance carrier's rights? Section 316 of the Act, 77 P.S. §604, and, 2) Did the Board abuse its discretion in not awarding commutation? *Workmen's Compensation Appeal Board v. Montrose,* 20 Pa. Commonwealth Ct. 97, 340 A.2d 605 (1975).

The Board held that the mortgage was insufficient in that "it does not take into account the possible depreciation of the asset during the course of the life of the claimant and his wife and because it does not necessarily allow the payment of the unused balance of the lump sum award at the time of claimant's death," and we agree. In addition to the shortcomings noted, the mortgage does not allow for any interest until the death of the claimant and only then is it fixed at "the prevailing mortgage interest rate in the Community in which the property is located on the date of death, such Interest Rate being fixed during the remaining term of the mortgage." When the mortgage terms are read carefully and the possibilities of future events considered, it is clear that the mortgage is not adequate to protect against future loss as is required. *See Garrity v. Bituco Mfg. & Chemical Co.,* 277 Pa. 88, 120 A. 764 (1923). Moreover, as one of the leading commentators in this field has stated, commutations are rarely granted, because they seem to run contrary to the clear intent of the Act that a regular income, payable in installments over a long period, should be

---

i) Mortgagor shall furnish sufficient proof of payment of all real estate property taxes, homeowner's Insurance premiums, and other municipal assessments within 30 days of the date same are payable.

j) Mortgagee shall be named as the loss payee on the homeowner's Insurance.

k) There shall be no pre-payment penalty.

provided to the injured worker. 1 A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease §5.43 (1975); *Montrose*, 20 Pa. Commonwealth Ct. at 100, n. 3, 340 A.2d at 607, n. 3. And this consideration may also have been persuasive here.

The Board has discretion in these matters, *id.*, and we cannot find any abuse of that discretion here. We will, therefore, affirm the Board's order.

### ORDER

AND Now, this 7th day of February, 1984, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.