Lester R. Muse, Petitioner *v.* Workmen's Compensation Appeal Board (Western Electric Company), Respondents.

Argued December 13, 1984, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*C. George Milner*, for petitioner.

*Earl T. Britt*, with him, *Catherine Hill Kunda, Duane, Morris & Heckscher*, for respondent, Western Electric Company.

OPINION BY JUDGE BLATT, May 7, 1985:

Lester R. Muse (claimant) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting the petition for modification filed by the Western Electric Company (employer).

The claimant sustained a work-related injury diagnosed as a bilateral hernia on February 16, 1973 for which he was awarded benefits. He underwent surgery on June 23, 1973 and subsequently executed a Final Receipt on November 21, 1973. His benefits were reinstated in 1977, however, when it was determined by the Board that the surgery had caused the atrophy of his right testicle together with contraction of the right spermatic cord.[1] The employer's physician recommended a second operation to surgically remove the claimant's right testicle and spermatic cord, which the claimant refused. The employer then filed its Petition for Modification asserting that the claimant had forfeited any right to further compensation under Section 306(f) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §531.

The referee originally dismissed the employer's petition, finding that the claimant's refusal to undergo a second operation was "not unreasonable considering the nature and extent of the operative procedure as well as the possible complications." The Board reversed, holding that the determination of whether or not the proffered medical services were reasonable was a question of law and stating further that, because all surgery involves certain risks, the surgery recommended here, which involves only minimal risks, must be considered reasonable under Section 306(f) of the Act. The Board then remanded the case to the referee with instructions to determine the amount of benefits forfeited by the claimant. The

---

[1] The referee's finding of fact number eight, based upon the testimony of the employer's expert medical witness, states that the anatomical cause of the retracted cord and testicular atrophy "is too tight a repair around the internal inguinal ring resulting in a compromising of the venous and arterial blood supply."

referee, however, while finding again that the claimant's refusal to undergo surgery was not unreasonable, held that he was "constrained to conclude that the Claimant has refused reasonable surgical services and therefore forfeits all rights to compensation beginning December 8, 1977 which is three months from the date that he was offered such surgery." The present appeal ensued.[2]

Section 306(f) of the Act provides, in pertinent part:

> If the employe shall refuse reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal.

77 P.S. §531(4). We have held that, in asserting that a claimant has forfeited all benefits, the employer must prove that the refusal to undergo medical treatment was unreasonable *and* that this refusal resulted in injury or in an increase in the claimant's disability. *See Workmen's Compensation Appeal Board (Schoonover) v. Chamberlain Manufacturing Corp.*, 18 Pa. Commonwealth Ct. 572, 336 A.2d 659 (1975); *Patterson v. Lenart,* 9 Pa. Commonwealth Ct. 116, 305 A.2d

---

[2] The burden of proof is on the party seeking the modification petition, *see St. Vincent Health Center v. Workmen's Compensation Appeal Board*, 59 Pa. Commonwealth Ct. 130, 428 A.2d 1061 (1981) and where the party with the burden prevails below and the Board has taken no additional evidence, our review is limited to determining whether or not constitutional rights have been violated, an error of law has been committed or a necessary finding of fact is unsupported by substantial evidence. *North Penn Transfer, Inc. v. Workmen's Compensation Appeal Board*, 61 Pa. Commonwealth Ct. 469, 434 A.2d 228 (1981).

778 (1973); and Barbieri, 1 Pennsylvania Workmen's Compensation and Occupational Disease, §5.26(8) (1975). Moreover, it has been held that the question of whether or not a claimant's refusal was reasonable is a factual determination for the referee, *Bostic v. Dreher,* 206 Pa. Superior Ct. 257, 213 A.2d 118 (1965), and that the Board can not disturb such findings unless it determines that they are not based on substantial evidence or unless it takes additional evidence, *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), which it did not do here. And we would further note that, "[i]n determining the question of the reasonableness of the refusal there must be considered the extent of the pain, suffering, and inconvenience entailed by the operation in connection with the benefit which will probably result from it, . . . ." *Bostic* at 261, 213 A.2d at 120.

The Board erred here in holding that the question of reasonableness was one of law. In reviewing the referee's decision, it needed only to determine whether or not the finding that the claimant's refusal to undergo a second operation was not unreasonable was based on substantial evidence. *See Beener v. North American Machine Co., Inc.,* 204 Pa. Superior Ct. 506, 205 A.2d 665 (1964). And our thorough review of the record convinces us that the referee's finding in this regard is well supported. We would also note that, even if the claimant's refusal had been unreasonable, the employer would still have had the burden of proving that the refusal led to further injury or to an increase in the claimant's incapacity, *Patterson,* but the record here is devoid of any evidence in support of this additional element.

Accordingly, we will reverse the Board and reinstate the claimant's compensation.

### Order

And Now, this 7th day of May, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned case is hereby reversed and the case is remanded for the computation of benefits. Jurisdiction relinquished.

Judge Williams, Jr. did not participate in the decision in this case.