521 A.2d 503

William Glinka, Petitioner *v.* Workmen's Compensation Appeal Board (Sears, Roebuck and Company), Respondents.

Submitted on briefs December 11, 1986, to Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Paul Auerbach,* for petitioner.

*Susan McLaughlin, Harvey, Pennington, Hertig & Renneisen, Ltd.,* for respondent, Sears, Roebuck and Company.

OPINION BY JUDGE COLINS, February 23, 1987:

On September 30, 1972, while employed by Sears, Roebuck and Company (employer) as a debt collector, William M. Glinka (claimant) suffered lower back inju-

ries in an automobile accident. Claimant attempted to return to work on November 27, 1972, but he developed a chronic lower back condition, which required disc surgery in February of 1973, and thereafter manifested a chronic post-laminectomy syndrome which made claimant unable to return to work. He has been receiving total disability benefits since this time.

On May 8, 1981, the claimant filed a Petition for Commutation of Compensation pursuant to Section 412 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §791. The employer contested this petition, and filed a Petition for Termination, Suspension or Modification of claimant's benefits. A workmen's compensation referee consolidated the cases for hearing, and on October 11, 1983, issued a decision dismissing the commutation petition and granting the suspension petition. The claimant appealed to the Workmen's Compensation Appeal Board (Board), which affirmed the referee's decision. This appeal followed.

Commutation of compensation is provided for by Section 316 of the Act, 77 P.S. §604:

> The compensation contemplated by this article may at any time be commuted by the board, at its then value when discounted at five per centum interest, with annual rests, upon application of either party, with due notice to the other, if it appear that such commutation will be for the best interest of the employe or the dependents of the deceased employe, and that it will avoid undue expense or undue hardship to either party. . . .

The referee does not have exclusive jurisdiction over commutation requests. Section 316 of the Act, 77 P.S. §604, and Section 412 of the Act, 77 P.S. §791, have been interpreted as giving the Board and the referee

concurrent jurisdiction of commutation requests. *Huskins v. Workmen's Compensation Appeal Board (University of Pennsylvania)*, 80 Pa. Commonwealth Ct. 161, 471 A.2d 114 (1984); *Workmen's Compensation Appeal Board v. Montrose*, 20 Pa. Commonwealth Ct. 97, 340 A.2d 605 (1975). However, if a petition for commutation is first heard by a referee, as here, his findings of fact which are supported by competent evidence may not be disturbed by the Board, although the question of whether, on those facts, commutation should be granted is one of law. *Id*. Our review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, or whether a necessary finding of fact was unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

It is self-evident that if the claimant's injury is not permanent, and that at some future time his payments might be terminated, suspended, or modified, then an undue expense will have been charged to the employer by commutation. In the instant matter, the referee specifically found that the claimant was physically able to return to work in his former employment as of September 15, 1981. This finding was based on the testimony of the employer's medical witness, Dr. Beller. Although claimant's medical expert testified otherwise, it is the exclusive province of the referee to determine credibility and competence as between conflicting medical testimony. *John Sexton and Co. v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 219, 425 A.2d 1212 (1981). We are satisfied that, as a matter of law, the facts as found by the referee do not warrant commutation. We will, therefore, affirm the Board insofar as it denied commutation.

The claimant further raises the issue of whether the referee and the Board erred in disapproving medical ex-

penses incurred by the claimant prior to the effective date of claimant's suspension from receiving benefits, September 15, 1981. These expenses include a $736.00 country club initiation fee, and a total fee of $1,080.00 for weekly rubdowns. The referee concluded: "The claimant is not entitled to reimbursement for any of the medical expenses claimed in connection with this litigation." The claimant asserts that he is entitled to reimbursement of these expenses because they fall under a prior Court order requiring employer to pay medical expenses.

In *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck and Company)*, 75 Pa. Commonwealth Ct. 504, 462 A.2d 909 (1983), involving the identical claimant and employer as the instant matter, this Court held:

> Finally, we affirm the Board's order requiring employer to pay the continuing costs of claimant's physiotherapy in the nature of whirlpool treatments at a health spa. Claimant's physician's testimony, which the referee found to be credible, established that whirlpool treatments at a health spa would be identical to such treatments in a hospital and less expensive.

Regardless of the definitiveness of this holding, it does not obviate the fact that an employer is not required to pay medical costs which are unreasonable or unnecessary:

> (1) The employer shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed . . .
>
> . . . .
>
> (ii) The employer shall have the right to petition the department for review of the necessity

or frequency of treatment or reasonableness of fees for services provided by a physician or other duly licensed practitioner of the healing arts. Such a petition shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills.
. . .

Section 306 of the Act, 77 P.S. §531.

The Act clearly provides an avenue for the employer to challenge continuing medical treatment. This Court's holding in *Glinka* merely establishes that the employer had to pay continuing medical costs for so long as reasonable or necessary under the Act. In the instant matter, the employer never filed a petition for review of medical expenses incurred by the claimant, and, in direct contravention of the Act, did not pay all medical bills. The Act does not provide any specific penalty for the employer's failure in this regard in Section 306 of the Act, 77 P.S. §531. However, had the employer filed such a petition, and had prevailed, there can be no doubt that the employer would be entitled to reimbursement for all unreasonable or unnecessary medical fees it had paid. *But see, Fowler v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 503, 393 A.2d 1300 (1978).

In the instant matter, the referee specifically found:

8. The Referee is not persuaded that the Claimant is entitled to recover the cost of country club dues or massages in the nature of medical benefits. The Referee accepts the testimony of Dr. Beller and does not believe that the Claimant requires any treatment of a continuing nature in connection with his compensation injuries.

9. The Referee is not persuaded that the Claimant is entitled to recover any of the medi-

cal expenses which he is claiming in connection with this litigation.

Thus, the referee found that the claimant's medical expenses were unnecessary. The question of reasonableness or necessity of medical treatment is one of fact. *See Muse v. Workmen's Compensation Appeal Board (Western Electric Company),* 89 Pa. Commonwealth Ct. 171, 492 A.2d 102 (1985). An employer is not required to provide payment for unreasonable or unnecessary medical treatment. *See Cuffey v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 306, 412 A.2d 919 (1980). Therefore, the referee and Board properly denied recovery of claimant's medical expenses in connection with this litigation.

This conclusion does not mean that the employer may refuse to pay any future medical claims submitted by the claimant. As long as the claimant is entitled to receive reimbursement for medical services, the employer must pay such. *See Deremer v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 415, 433 A.2d 926 (1981).

Claimant also contests the referee and Board's grant of the employer's Petition for suspension, contending an error of law. In this regard, the referee specifically found:

> 6. The Defendant has presented the testimony of Dr. Beller who examined the Claimant on three occasions, the last of which was September 15, 1981. The Referee has carefully considered the testimony of Dr. Beller and weighed the other evidence, including the Claimant's testimony and the testimony of Dr. Beller and believes that as of September 30, 1972, that [sic] would have prevented the Claimant from returning to his former employment as a bill collector with Sears.

Dr. Beller testified unequivocally that the claimant could return to work for Sears without restriction. The referee, who may accept or reject the testimony of any witness, including a medical witness, found Dr. Beller credible, and we may not question his choice. *Frye v. Workmen's Compensation Appeal Board (Lafferty Truck Co.)*, 78 Pa. Commonwealth Ct. 427, 467 A.2d 659 (1983). Having found that claimant's disability had ceased, suspension of benefits was proper. *Frye.*

We decline to remand to allow the Board to hear allegedly after-discovered evidence concerning vocational opportunities for claimant because such evidence is irrelevant where the facts indicate that the claimant's disability has ceased. *Frye.*

Claimant also raises the question of whether he is entitled to an increased calculation of his average weekly wage under Section 309(d) of the Act, 77 P.S. §582(d), as a matter of law. Claimant contends that debt collectors for the employer, who had worked a full quarter in 1972 (claimant was employed only eight weeks when injured), earned an average weekly wage of $153.27 rather than claimant's calculated average weekly wage of $131.25, and that his average weekly wage should be adjusted accordingly. While the claimant's weekly wage, as computed under Section 309(d) of the Act, 77 P.S. §582(d), is a matter of law, the question of the average weekly wage of debt collectors in 1972 is one of fact. The referee made no findings of fact on this issue; therefore, we must remand for due consideration of the issue of claimant's weekly wage under Section 309(d) of the Act, 77 P.S. §582(d). *See Kraft v. Herr's Island Packing Co.*, 7 Pa. Commonwealth Ct. 343, 298 A.2d 275 (1972).

The claimant further raises the issue of whether a previously assessed legal fee has been underpaid by the employer. The referee made no findings as to this issue, and we must remand for its consideration.

## ORDER

AND NOW, February 23, 1987, the order of the Workmen's Compensation Appeal Board in the above proceeding is affirmed in re commutation, medical expenses, and suspension of benefits. The matter is remanded to the Board for a determination with respect to the claimant's correct weekly wage and the proper legal fee owed him.

Jurisdiction relinquished.