542 A.2d 630

Sears, Roebuck & Company, Petitioner v. Workmen's Compensation Appeal Board (Glinka), Respondents.

Submitted on briefs January 27, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Susan McLaughlin,* for petitioner.

*Paul Auerbach,* for respondent.

OPINION BY JUDGE COLINS, June 8, 1988:

Sears, Roebuck & Company (employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision to lift the suspension of William Glinka's (claimant) disability benefits.[1]

Three issues are raised on appeal. The employer first raises the issue of whether the referee's conclusion that there were no jobs compatible with the claimant's residual disability was not based upon substantial evidence and that, therefore, the referee's reinstatement of benefits was erroneous. Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772. The employer's second contention is that there was no competent evidence to support the referee's calculation of an average weekly wage of $150.00 pursuant to Section 309(e) of the Act, 77 P.S. §582(e). The claimant raises a third issue, that of whether the employer's failure to present a case before the referee, the Board and this

---

[1] This Opinion and Order of the Board dated July 6, 1987, deals with two appeals that were concurrently before the Board. The first appeal addresses the employer's appeal from the Decision and Order of the Referee dated October 7, 1986 on the issue of the calculation of the average weekly wage under the "alternative method." This Court remanded this issue to the Board and, in turn, to the referee in the decision of *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck & Company),* 104 Pa. Commonwealth Ct. 175, 521 A.2d 503 (1987). The Opinion and Order in question also deals with the cross appeals of the parties from a Decision and Order of the Referee dated October 27, 1986, which granted the employee's Petition for Reinstatement of benefits effective October 1, 1983.

Court, entitles the claimant to a penalty under Section 435(d) of the Act, 77 P.S. §991.

We find it unnecessary to wade through the procedural morass occasioned by the litigation in this matter. Suffice, it to say that in September of 1972, claimant suffered a disabling back injury while employed as a debt collector for the employer. He received total disability benefits until such time as these benefits were suspended by order of a referee which was affirmed on appeal by the Board and, on further appeal, affirmed by this Court. *Glinka.*

We now address the issues surrounding the lifting of the suspension of benefits pursuant to Section 413 of the Act and the calculation of the average weekly wage under Section 309(e) of the Act. Our scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, or whether a necessary finding of fact was unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

In *Venanzio v. Workmen's Compensation Appeal Board (Eastern Express)*, 88 Pa. Commonwealth Ct. 204, 207, 489 A.2d 284, 286 (1985), this Court noted:

> The burden on a claimant who petitions to have a *suspension* lifted is, of course, materially different from the burden on a claimant who petitions for reinstatement. In the former instance, the claimant is required only to demonstrate that the reasons for the suspension no longer exist. . . . Applying this rule to the instant case, we conclude that Claimant was required to demonstrate only that he *remained* totally disabled, not that he was *again* totally disabled due to a change in his condition or a recurrence of his injury. (Emphasis in original, citations omitted.)

In *Venanzio,* the employee suffered a work-related injury to his lower back and was awarded total disability

benefits. A referee suspended the employee's benefits because he determined that the employee could return to his pre-injury job with a partial disability. The employee filed a petition requesting that his benefits be renewed on the grounds that he was totally disabled. The referee's decision to lift the suspension of benefits was reversed by the Board. This Court concluded that the employee had carried his burden of showing that his disability remained and, therefore, awarded benefits.[2]

In the instant matter, the claimant's benefits were suspended because his disability had ceased to the point where he could return to work at jobs which were available to him. Claimant's burden in requesting the lifting of the suspension of benefits is to show that the reasons for the suspension no longer exist, *i.e.*, that his total disability remains, *i.e.*, that there are no jobs which he is capable of doing with his continuing disability.

Before the referee, the claimant presented evidence of the lack of job availability in the area in which he now resides. This evidence was in the form of newspaper articles and general testimony as to the area's depressed economic condition. The only testimony presented by either party on the issue of whether the claimant's disability remained was that of the claimant and his wife. Claimant presented no medical testimony. In fact, counsel for the claimant indicated at one point that the introduction of medical testimony in that particular phase of the litigation was too costly and that it would not be supplied except upon the referee's order of an impartial medical examination. The referee did not order such an

---

[2] We note that in *Venanzio* the employee presented medical testimony to substantiate the remaining disability. The Court in *Venanzio* concluded that the claimant had established not only that his disability continued, but also that there had been a change in his condition as evidenced by the medical testimony.

examination. The employer alleges that the failure to present medical testimony as to the claimant's physical disability constitutes a fatal defect in the claimant's reinstatement petition. We disagree.

A presumption of partial disability exists by virtue of an order suspending compensation. The employer did not attempt to rebut this presumption with medical evidence of a lack of disability on the part of the claimant. Therefore, claimant's only burden was to prove that there were no jobs available to him which he was capable of doing. In his findings of fact and conclusions of law, the referee indicated that he accepted the testimony of the claimant and his wife as credible. The referee's decision to accept this testimony was within his province as finder of fact and arbiter of credibility. *Holshue v. Workmen's Compensation Appeal Board (Robideau Express)*, 84 Pa. Commonwealth Ct. 253, 479 A.2d 42 (1984).

Our review of the record indicates that the referee had substantial evidence upon which to base his conclusion that the claimant had sustained his burden of proving that the reasons for the suspension no longer existed. Limited by our scope of review, we are constrained to affirm the order of the Board.

However, we decline to uphold that part of the Board's order requiring that the employer pay claimant's bills relating to massage and whirlpool treatments received by claimant at his health club. This Court previously denied the payment of these bills as unnecessary medical expenses. *Glinka (citing Cuffey v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 306, 412 A.2d 919 (1980)). Therefore, we must reverse that portion of the Board's order granting such payment to the claimant.

The employer further contends that there is no competent evidence to support the referee's calculation of

an average weekly wage of $150.00 under Section 309(e) of the Act. We find no merit in this contention.[3] In its Order of July 6, 1987, the Board noted that:

> During the remanded proceedings, Claimant relied upon his testimony previously submitted and failed to produce tax records requested by . . . [employer], pay stubs and other information concerning the Claimant's earnings in the two quarters preceding his injury of September 30, 1972.

The Board continued:

> The Board would have preferred more particulars, including more specific dates of employment with General Foods, but the Referee made as specific a finding as possible based upon the evidence of record. The finding does cover the 'existence, duration and rate of compensation,' so that while we would have preferred more details, we believe the finding is minimally sufficient to comply with the Commonwealth Court's remand Order. Mr. Glinka's testimony at a July 22, 1985, hearing does support this finding.

We agree with the reasoning of the Board and conclude that the findings of fact made by the referee are based upon substantial evidence and therefore, are adequate to support the recalculation of the average weekly wage.[4] Therefore, we affirm that portion of the Board's Order which recalculates the claimant's average weekly

---

[3] This matter was remanded to the Board for consideration in *Glinka*. In that case, this Court concluded that since the referee had made no findings of fact on the weekly wage computation, we were required to remand for reconsideration on this issue.

[4] Claimant was injured over fifteen years ago and even if we were to require the taking of additional evidence to attempt to glean more specific information as to his earnings during the two quarters preceding his injury, it is unlikely that the information would be available.

Order which recalculates the claimant's average weekly wage and which awards penalties and attorneys' fees in connection therewith.

Finally, we address the claimant's request for the imposition of penalties against the employer for the pursuance of the frivolous appeal. Although this Court may impose penalties under Section 435(d) of the Act, we may do so only in a situation where there has been a violation of any provision of the Act or of the rules and regulations promulgated pursuant to the Act. The mere fact that the employer contested the claim cannot be the basis for the imposition of penalties. *Scheffer v. Workmen's Compensation Appeal Board (San Juan Credit Furniture)*, 75 Pa. Commonwealth Ct. 644, 463 A.2d 96 (1983). We cannot conclude that the employer's contest in this matter was unreasonable. Therefore, we decline to impose penalties in connection therewith.[5]

Accordingly, the order of the Board is affirmed as to the reinstatement of benefits, as to the recalculating of claimant's average weekly wage and as to the imposition of penalties and attorneys' fees in connection therewith. It is reversed as to the payment of claimant's whirlpool and massage treatments at his health club.

ORDER

AND NOW, this 8th day of June, 1988, the Order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed as to the reinstatement of benefits, as to the recalculation of claimant's average weekly wage and as to the imposition

---

[5] For purposes of clarification, we point out that the Board awarded attorney's fees and penalties in connection with its recalculation of the claimant's average weekly wage. We affirm the imposition of those penalties and attorney's fees. However, we decline to award penalties in connection with the actual lifting of the suspension of benefits.

of penalties and attorneys' fees in connection therewith. It is reversed as to the payment of claimant's whirlpool and massage treatments at his health club.