587 A.2d 49

**Anthony J. CZAP, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (GUNTON CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 3, 1990.

Decided Feb. 14, 1991.

Joseph S. Hornack, Pittsburgh, for petitioner.

Ned Trbovich, Pittsburgh, for respondent.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Anthony J. Czap (Claimant) is appealing a determination of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision to deny total disability benefits under Section 306(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513.  We affirm.

Claimant was injured on July 31, 1986, when his left index finger was cut one-quarter inch into the bone by a power saw. The top of the finger was ultimately amputated, leaving a stump above the second joint. As a result of this injury, Claimant received six weeks of benefits for a healing period and fifty weeks of benefits for the specific loss of his entire finger. Claimant returned to work on May 26, 1987; however, on May 29, 1987, Claimant was unable to continue working due to constant pain in the stump of his left index finger. Additional surgery, performed in October of 1987, was necessary to remove the stump of the left index finger and part of the attached metacarpal bone which, although considered a bone of the hand, functions as part of the finger.[1]

On July 10, 1987, Claimant filed a workmen's compensation claim alleging that on or about May 29, 1987, he sustained a second injury in the form of an aggravation of the previously amputated left index finger along with a rheumatoid arthritis condition. Claimant alleged that this injury entitled him to total disability benefits under Section 306(a) of the Act. The referee denied Claimant benefits on the ground that he failed to meet his burden of proof. The Board affirmed and appeal to this Court followed.

On appeal here Claimant contends (1) that he met his burden of proving he sustained an injury to his hand which would qualify him for total disability benefits under Section 306(a) of the Act, and (2) that the Board erred in applying the substantial evidence standard of review rather than the capricious disregard of competent evidence standard of review.

■ We shall consider both of these contentions. First, however, we elucidate our own scope of review. The scope of review of this Court where both parties have presented evidence before the fact finder is limited to a determination

1. The heads of the metacarpal bones, referred to as the metacarpophalangeal joints, articulate with the fingers and assist in lateral motion, flexion, and extension of the fingers. R. Gray & L. Gordy, Attorneys' Textbook of Medicine ¶ 3.01 (1990).

of whether constitutional rights have been violated, errors of law have been committed, or necessary findings of fact are unsupported by substantial evidence. *Mathies Coal Co. v. Workmen's Compensation Appeal Board (Henry)*, 114 Pa.Commonwealth Ct. 11, 538 A.2d 590 (1988). However, in situations where the party with the burden of proof is the only party to present evidence and loses we employ the capricious disregard scope of review. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988); *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987). The capricious disregard standard poses the inquiry of whether the fact finder capriciously disregarded competent evidence.[2] This test is employed when the burdened party is the only party to present evidence and does not prevail because in such a situation the substantial evidence test falters because it is impossible to find substantial evidence to support the position of a prevailing party for whom no evidence was adduced. *Russell.*

In the instant case, Claimant was the only party to introduce medical evidence on the issue of his alleged total disability and lost before the referee. Because the prevailing party (Employer) introduced no evidence on this issue, we must apply the capricious disregard of competent evidence standard in our review. *Russell.*

■ Having established our scope of review, we now turn to Claimant's contention that *the Board* used the wrong scope of review in examining the referee's order. Before discussing the scope of review of the Board, it is necessary to understand how the Board functions when it takes additional evidence and how it functions when it does not take additional evidence. When the Board hears additional evidence it takes on the role of a fact finder. *See American*

2. Capricious disregard of competent evidence is the willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one has no basis to challenge. *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service)*, 95 Pa.Commonwealth Ct. 158, 504 A.2d 985 (1986).

*Chain and Cable Co. v. Workmen's Compensation Appeal Board (Weaver)*, 70 Pa.Commonwealth Ct. 579, 454 A.2d 211 (1982). In such situations there is *no* scope of review over the referee's order because the Board is not reviewing that order.[3] On the other hand, when the Board takes no additional evidence, it performs appellate review of referees' decisions. It is the Board's scope of review over these decisions which we now consider.

■ Some cases have held that the Board's scope of review is limited to reviewing conclusions of law and to determining whether the findings of fact are supported by *competent* evidence. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973); *Martincic v. Workmen's Compensation Appeal Board (Greater Pittsburgh International Airport)*, 108 Pa.Commonwealth Ct. 238, 529 A.2d 600 (1987). These cases appear to rely upon Section 423 of the Act, 77 P.S. § 854, which provides:

> [T]he board may disregard the findings of fact of the referee if not supported by competent evidence and if it deem proper may hear other evidence, and may substitute for the findings of the referee such findings of fact as the evidence taken before the referee and the board, as hereinbefore provided, may in the judgment of the board, require, and may make such disallowance or award of compensation or other order as the facts so founded by it may require.

These cases which use the competent evidence standard, however, appear to have misread Section 423 which Section concerns a *preliminary* inquiry as to whether de novo proceedings are necessary.

Other cases, relying upon case law and Section 704 of the Administrative Agency Law,[4] have stated that the scope of

3. We acknowledge that in some instances the Board may conduct a preliminary review under Section 423 of the Act, 77 P.S. § 854, to determine if the referee's findings are supported by competent evidence. If they are not so supported, then the Board may, *inter alia,* reverse or take de novo evidence.

4. 2 Pa.C.S. § 704.

review of the Board is to review the referee's decision for legal error and to ascertain whether the referee's findings of fact are supported by *substantial* evidence. *Cavallo v. Workmen's Compensation Appeal Board (Barnes and Tucker Company),* 132 Pa.Commonwealth Ct. 22, 571 A.2d 1096 (1990).[5] We now hold that the proper standard to be applied to the Board is the substantial evidence standard when there is evidence on the issue presented by both parties. The basis of this holding is that it is illogical for the Board in its appellate capacity and this Court in its appellate capacity to apply a different scope of review to the same findings of fact and conclusions of law.

■ Having now established that the substantial evidence standard applies to the Board where there is evidence on both sides of the issue, we are next presented with the inquiry of whether the capricious disregard standard also applies to the Board. We hold that it does. As previously explained, the Board usually acts in an appellate capacity when it reviews the referee's decision. On further appeal this Court does the same.[6] Thus, when the Board acts in its appellate role, a role identical to the one played by this Court, logic again dictates that our scope of review and that of the Board should be identical. We therefore hold that the *Russell* and *Kirkwood* principles apply to the Board. Having so declared, it follows *a fortiori* that inasmuch as our scope of review in this instance is capricious disregard, so should the Board's have been. However, as we shall now demonstrate, in this instance the Board's employment of the wrong scope of review was harmless error.

■ Turning to the merits, Claimant contends that he met his burden of proving a separate injury distinct from

5.  "Substantial evidence" is that quantum of relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Norfolk and Western Railway Co. v. Pennsylvania Public Utility Commission,* 489 Pa. 109, 413 A.2d 1037 (1980).

6.  This is similar to the system utilized in zoning appeals. When a trial court takes no additional evidence in a zoning case, this Court reviews the determination of the zoning hearing board. *See Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

the preexisting amputation of his left index finger. Claimant initially received benefits for the specific loss of his left index finger under Section 306(c) of the Act,[7] the section which deals with the specific loss of a member part of the body. Generally, an employee who sustains an injury which is compensable under Section 306(c) of the Act is not entitled to additional compensation even though he may be totally disabled by his permanent specific loss injury. *Mathies*, 114 Pa.Commonwealth Ct. 11, 538 A.2d 590 (1988). Claimant argues that he is entitled to benefits for total loss under the exception to Section 306(c) of the Act, which grants additional benefits for total disability under Section 306(a) of the Act. To qualify for the exception, a claimant must show he or she sustained a destruction, derangement, or deficiency to a separate and distinct part of his body that did not follow as the normal result of the specific loss. *Truck Lubricating & Washing Co. v. Workmen's Compensation Appeal Board*, 54 Pa.Commonwealth Ct. 495, 421 A.2d 1251 (1980). The Pennsylvania Supreme Court lucidly defined the rule in *Lente v. Luci*, 275 Pa. 217, 119 A. 132 (1922):

[W]here it is claimed that some other part of the body is affected, it must definitely and positively appear that it is so affected, as a direct result of the permanent injury; the causal connection must be complete, and, further, the disability must be separate and distinct from that which normally follows an injury under paragraph [306](c), and must endure beyond the time therein mentioned. There must be a destruction, derangement or deficiency in the organs of the other parts of the body. It does not include pain, annoyance, inconveniences, disability to work or anything that may come under the term 'all disability', or normally resulting from permanent injury.

*Lente*, 275 Pa. at 222, 119 A. at 133–34.

■ The referee found that Claimant's disability was confined solely to the left index finger and that Claimant

7. 77 P.S. § 513.

suffered no injury separate and distinct from what would normally follow from his July 13, 1986 injury to his left index finger. Our review of the record demonstrates that the testimony of Claimant's own expert supported the referee's finding that Claimant suffered no separate and distinct compensable injury which would qualify him for total disability benefits.[8] In fact, the expert testified that the second surgery considerably improved Claimant's condition and that Claimant's left-hand grasping, lifting, and range of motion activities tested within normal limits.[9] Because Claimant presented no medical evidence that he suffered a separate and distinct injury he must lose under either the capricious disregard or the substantial evidence standard. Thus, the Board's utilization of the incorrect scope of review was, in this case, harmless error.

Accordingly, the decision of the Board is affirmed.

### ORDER

NOW, February 14, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

---

**8.** Q. But my question was: The only injury he had,—injury, I meant the traumatic event to a part of his body—was the injury to his left index finger.

A. Yes, that's true.

Q. He had no damage or amputations or anything to any other part of his hand.

A. No, no damage to any other part of his hand.

**9.** Q. How did Mr. Czap do after surgery?

A. Mr. Czap has done well ... he has significantly improved the functional aspects of the remainder of his arm.... So the surgery considerably helped him.

Q. With respect to Mr. Czap's functional activities, could you read for us, Doctor, what the conclusions were as of January 6, 1988?

A. [T]he evaluation revealed Mr. Czap's left hand grasping and lifting capability, range of motion, and sensation tested within normal limits. He was able to use his left thumb and middle finger for dexterity activities accurately ... he was functionally able to use his hand better than prior to the procedure.