621 A.2d 1188

Michael E. LINKO, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(ROADWAY EXPRESS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 7, 1992.

Decided Feb. 19, 1993.

Frank T. Blasi, for petitioner.

Eugene N. McHugh, for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

Michael Linko (claimant) appeals from an order of the Workmen's Compensation Appeal Board (board) which affirmed a referee's decision denying claimant's petition for commutation of benefits, as well as claimant's petition for reimbursement of nursing services he received from his wife during his convalescence from a work-related injury. We affirm.

During claimant's employment with Roadway Express Inc. (employer) he suffered a work-related injury on August 3, 1986. Pursuant to a notice of compensation payable, claimant was receiving payment of compensation at the rate of $347.00 per week beginning August 4, 1986.

As a consequence of his work-related injury, claimant brought a civil action against a third party and a recovery of $550,000 was agreed upon between claimant and the third party of which claimant received a net settlement amount of $239,333.28. Thereafter, on May 30, 1990, a third party settlement agreement (agreement) executed by claimant and employer was filed with the Bureau of Workers' Compensation setting forth appropriate distribution of the total recovery and employer's subrogation interest pursuant to section 319 of The Pennsylvania Workmen's Compensation Act (Act).[1]

Under the terms of the agreement, a credit was provided for against future workers' compensation payable, as well as reimbursement to the claimant for the expenses of recovery. In addition, the agreement provided for a grace period of 1081.10 weeks or 20.79 years during which the employer and/or its insurance carrier is relieved of the obligation of paying claimant's temporary total disability payments. The

1. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 671.

agreement further provides that medical payments will shorten the grace period. During the grace period, the agreement provides for the return of expenses of the third party recovery to the claimant by the employer at a rate of $125.66 per week. At the end of the grace period, the costs will be repaid in full and the regular compensation rate of $347.00 per week will be resumed.

On June 13, 1990, claimant filed a petition for commutation of compensation benefits pursuant to sections 316 and 412 of the Act to commute at its present value the workmen's compensation benefits he was receiving as a result of his injury into one lump sum discounted at five percent interest.[2] Specifically, claimant wished to have his future temporary disability payments to be paid following the grace period and the return of expenses of recovery payments to be made during the grace period commuted to one lump sum payment based on claimant's life expectancy. Employer filed a timely and responsive answer to claimant's petition opposing the commutation.

On August 21, 1990, claimant filed a claim petition alleging that employer had refused to pay claimant's medical bills related to the work injury. The petition included a request for payment of medical bills for nursing services provided to claimant by his wife during his convalescence. Employer filed a timely answer denying that claimant was presently totally and permanently disabled and further alleging that the medical costs incurred should be paid by the claimant from the balance of the third party settlement agreement.

The petitions were consolidated and heard before a referee. Claimant was the only party to present evidence at that hearing. The referee denied claimant's commutation petition. The referee also denied claimant's request for nursing services finding that claimant had failed to meet his burden of proving that the services of a nurse's aide were necessary medical expenses. However, the referee found that employer was obligated to pay all claimant's reasonable and necessary medi-

2. 77 P.S. § 604; 77 P.S. § 791.

cal expenses related to the work injury even during the grace period provided for in the agreement.

Both claimant and employer appealed to the board which affirmed the referee's decision.

Claimant now appeals to this court, challenging the board's decision on the following three grounds:

(1) That the board erred in failing to apply the correct standard of review;

(2) That the board erred in not reversing the referee's decision and granting claimant's commutation petition as commutation was clearly proven to be in claimant's best interest; and

(3) That the board erred in not awarding payment for reasonable and necessary nursing services.

## I. STANDARD OF REVIEW

■ Claimant argues that the Board committed a reversible error of law by applying the standard of substantial and competent evidence in reviewing the referee's decision.[3] Claimant contends that the board should have applied the capricious disregard standard because the claimant was the only party to present evidence in this matter.

■ This court recently clarified the proper standards of review to be applied to the board when the board does not take additional evidence, thereby acting in an appellate capacity. The proper standard of review to be applied to the board when there is evidence on the issue presented by both parties is the substantial evidence standard. *Czap v. Workmen's Compensation Appeal Board (Gunton Corporation)*, 137 Pa.Commonwealth Ct. 612, 587 A.2d 49 (1991). This standard of review requires the board to review the referee's decision for legal error and to ascertain whether the referee's findings of fact are supported by substantial evidence. *Id.*

---

**3.** Claimant also argues that, in the alternative, a remand to the board is necessary in order for the board to apply the correct standard of review.

The proper standard of review to be applied to the board in situations where the party with the burden of proof is the only party to present evidence and loses is the capricious disregard standard. *Id.* The capricious disregard standard poses the inquiry of whether the fact finder, which is the referee, capriciously disregarded competent evidence. *Id.*

■ Therefore, since the claimant was the only party to present evidence before the referee and lost, the board should have applied the capricious disregard standard of review.[4] However, as the following discussion reveals, in this case the board's employment of the wrong standard of review was harmless error.

## II. COMMUTATION OF BENEFITS

Claimant contends that the Board erred when it failed to reverse the referee's decision and grant claimant's commutation petition as claimant clearly proved that commutation was in his best interest. Section 316 of the Act provides for commutation of benefits where such commutation "will be for the best interest of the employe ... and that it will avoid undue expense or hardship to either party." 77 P.S. § 604. In addition, section 316 provides that unless the employer agrees to such commutation, the board may require the employe ... to furnish proper indemnity safe-guarding the employer's rights." *Id.*

■ Under section 412 of the Act, if a party desires the commutation of future installments of compensation, he is required to present a petition for a determination by a referee. 77 P.S. § 791. When a petition for commutation is first heard by a referee, the referee's findings of fact, which are supported by competent evidence, may not be disturbed by the Board; however, the question of whether on those facts commutation should be granted is one of law. *Workmen's*

---

4. This court's standard of review where, as here, the party with the burden of proof is the only party to present evidence and loses, we employ the same capricious disregard standard that the Board should have utilized. *Czap v. Workmen's Compensation Appeal Board (Gunton Corporation),* 137 Pa.Commonwealth Ct. 612, 587 A.2d 49 (1991).

*Compensation Appeal Board v. Montrose,* 20 Pa.Commonwealth Ct. 97, 340 A.2d 605 (1975).

▉▉ Accordingly, under the Act, a claimant must prove that commutation will be in his best interest. Furthermore, whether commutation is in a claimant's best interest is a question of law, not fact. Accordingly, the board's error when it affirmed the decision of the referee not to grant commutation based on substantial evidence standard, instead of the capricious disregard standard, was harmless because the board was reviewing a question of law.

▉▉ Furthermore, a review of the record in this case reveals that the referee did not capriciously disregard competent evidence in denying claimant's commutation petition as a matter of law. In seeking commutation, claimant presented testimony from Mr. W. Bruce Van Deusen, a chartered underwriter and chartered financial consultant, that certain investments could significantly increase claimant's monthly income during the grace period from the $544 a month currently received to approximately $720 a month.

The referee found that while claimant indicated a desire to obtain financial planning advice, he did not present any testimony concerning specifically what he would do with the commuted funds. (Finding of Fact No. 22). The referee noted that while claimant maintains that he would receive a higher income through a commutation, the intent of the Act is to provide regular income rather than maximizing income.[5] (Finding of Fact No. 22).

The referee further found that claimant had not adequately provided for protecting employer against the possibility of overpayment if a commutation were granted and that such a commutation would work an undue hardship on employer.

---

**5.** This court, recognizing one of the leading commentators in this field, has stated that "commutations are rarely granted, because they seem to run contrary to the clear intent of the Act that a regular income, payable in installments over a long period, should be provided to the injured worker." *Huskins v. Workmen's Compensation Appeal Board (University of Pennsylvania),* 80 Pa.Commonwealth Ct. 161, 471 A.2d 114 (1984) (citing 1 A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease § 5.43 (1975)).

(Finding of Fact No. 23). The record shows that although Mr. Van Deusen mentioned the possibility of purchasing a life insurance policy on claimant, naming employer as the beneficiary, claimant made no provision protecting employer from a policy cancellation. Furthermore, the record reveals that the estimated cost of such a policy ($150 a month) would almost completely eliminate any increase of income to claimant.

Accordingly, the referee did not capriciously disregard claimant's evidence regarding what claimant intended to do with the commuted funds; rather he found it unpersuasive that said commutation would be in claimant's best interest. (Finding of Fact No. 22).

### III. NURSING SERVICES

■ Claimant is seeking payment from employer as medical expenses the value of the nursing services provided to him by his wife during his convalescence. The record shows that Mrs. Linko was working as a nurse's aide before her husband's accident and left her job to care for him.

Under section 306(f) of the Act, an employer shall provide payment for reasonable surgical and medical services. 77 P.S. § 531. Recently, this Court determined that in order for a claimant to recover for a medical service under section 306(f), it must be a medical service rendered according to a physician's orders. *Morwald v Workmen's Compensation Appeal Board (Engineering & Refrigeration, Inc.)*, 143 Pa.Commonwealth Ct. 511, 599 A.2d 307 (1991) (citing *Toland v. Murphy*, 172 Pa.Superior Ct. 484, 490, 94 A.2d 156, 159 (1953) (Nursing services which Doctor's testimony indicated were necessary are covered by § 306(f)).

In the present case, the referee found, and the record reveals, that there was no medical testimony that claimant required the services of a nurse's aide, nor was there any testimony that such services were prescribed by a physician. (Finding of Fact No. 24). The referee further found that claimant did not actually pay for the services rendered, and that Mrs. Linko's care for her husband was no different than any husband or wife would perform for their injured spouse.

(Finding of Fact No. 24). Accordingly, the referee correctly ruled that claimant was not entitled to reimbursement for those services.

Even if the board erred by not reviewing the referee's findings under the capricious disregard standard, this court has held that, when an administrative agency assigns an erroneous reason to a correct decision, that decision will be affirmed if the correct basis for that decision is clear upon the record. *Haney v. Workmen's Compensation Appeal Board,* 65 Pa.Commonwealth Ct. 461, 442 A.2d 1223 (1982). Because we find that the referee did not capriciously disregard the evidence in making his findings and that whether a commutation petition should be granted is purely a question of law, the board's misapplication of the substantial evidence standard in its review of the case at bar is harmless error.

Accordingly, we affirm the order of the Workmen's Compensation Appeal Board.

## ORDER

NOW, this 19th day of February, 1993, the order of the Workmen's Compensation Appeal Board, dated February 21, 1992, at No. A91–1468, is affirmed.