635 A.2d 1119

Charles M. WALTERS, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(WALTERS TILE CO., INC. and Aetna Life &
Casualty Co.), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 6, 1993.

Decided Dec. 28, 1993.

Paul H. Millin, for petitioner.

John C. Brydon, for respondents.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and KELLEY, JJ.

DOYLE, Judge.

Before us is an appeal by Charles M. Walters (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which reversed the decision of the referee granting benefits to Claimant under The Pennsylvania Workmen's Compensation Act (Act).[1]

This appeal presents an issue of first impression: Whether an employee who has no wages is entitled to worker's compensation benefits as the result of a work-related injury?

Claimant was the sole owner of Walters Tile Company, Inc.[2] (Employer), a corporation, and Claimant was also the company's sole employee at the time of Claimant's injury on September 26, 1987.[3] Employer provided Claimant with certain "fringe" benefits[4] but paid Claimant no hourly wage or salary. Employer did, however, purchase worker's compensation insurance from Aetna Life and Casualty Company (Insurer), and Insurer based Employer's compensation premiums upon a minimum payroll of $12,000.[5]

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

2. While the referee made a finding that the corporation was owned by Claimant and his wife, the only evidence in the record was Claimant's own testimony (R.R. 40(a)) that he was the owner; however, he and his wife owned the building which rented space to the corporation (R.R. 48(a)).

3. The company was formed from a business operated as a sole proprietorship and was incorporated in 1980. While Claimant was the company's sole employee at the time of his injury, at the time the company was incorporated there were two other employees.

4. Employer paid for Claimant's insurance (presumably health insurance) and expenses, and provided him with a car.

5. Workmen's Compensation insurance premiums are based on a company's payroll, which is not in all cases identical to the amount of wages paid by the company to its employees. In fact, where a company does not pay out any salary, the insurance company will assign the company a minimum payroll value set by the Pennsylvania Compensation Rating Bureau. *See* Section 654 of The Insurance Company Law of 1921, Act of May 17, 1921, P.L. 682, *as amended,* 40 P.S. § 814.

Claimant injured himself while at work on September 26, 1987, and since that time has been totally disabled. Pursuant to an initial agreement between the parties, Insurer voluntarily paid Claimant's medical expenses, but no compensation was paid because Claimant believed that he would shortly be able to return to work. Claimant never returned to work, however, and subsequently, in November 1988, he filed a claim petition seeking compensation.[6]

Before the referee, Insurer admitted that Claimant had suffered a work-related injury and that he was totally disabled as a result thereof. Nevertheless, Insurer disputed Claimant's right to benefits because Claimant earned no wages from his employment, and thus suffered no wage loss as a result of his injury.

■ Despite the fact that Claimant suffered no wage loss, the referee concluded that Claimant was entitled to minimum benefits for total disability provided under Section 306(a) of the Act, 77 P.S. § 511, and awarded Claimant benefits in the amount of $120.33.[7] Employer (Insurer) appealed. The Board, reversing the decision of the referee, concluded that under Section 306(a) of the Act, Claimant was not entitled to benefits because he did not receive wages. This appeal followed.[8]

The Board based its denial of benefits solely on Section 306(a) of the Act which reads, in pertinent part, as follows:

**THE FOLLOWING SCHEDULE OF COMPENSATION IS HEREBY ESTABLISHED:**

6. This petition was subsequently amended and accepted by the referee as a petition to modify the supplemental agreement between the parties.

7. The referee apparently concluded that because Claimant earned less than 50% of the Statewide average weekly wage, he was entitled to compensation equal to 33½% of the maximum weekly compensation payable for 1987, which would be $120.33. *See* Section 306(a) of the Act, *infra*.

8. Our scope of review is limited to a determination of whether constitutional rights have been violated, errors of law have been committed, or whether the necessary findings of fact are supported by substantial evidence. *Czap v. Workmen's Compensation Appeal Board (Gunton Corp.),* 137 Pa.Commonwealth Ct. 612, 587 A.2d 49 (1991), *petition for allowance of appeal denied,* 527 Pa. 654, 593 A.2d 425 (1991).

For total disability, sixty-six and two-thirds per centum of the wages of the injured employe as defined in [§ 309] beginning after the seventh day of total disability, and payable for the duration of total disability, but the compensation shall not be more than the maximum compensation payable nor less than fifty per centum of the Statewide average weekly wage. If at the time of injury, the employe receives wages equal to or less than fifty per centum of the Statewide average weekly wage, then he shall receive ninety per centum of his average weekly wage as compensation, but in no event less than thirty-three and one-third per centum of the maximum weekly compensation payable....

77 P.S. § 511. Because the second sentence of this section reads "[i]f at the time of injury, the employe receives wages ...", the Board concluded that a claimant must receive *some* wages in order to receive compensation; in other words, "[i]f at the time of injury, the employer receives [no] wages ...," a claimant is not entitled to any benefits.

We reverse because Section 306(a) establishes the *rate* of compensation; it does not establish the *right* to compensation.

██  The right to compensation is established in Section 301(a) of the Act, 77 P.S. § 431. This Section pertinently provides:

Every employer shall be liable for compensation for personal injury to, or for the death of each employe, by an injury in the course of his employment, and such compensation shall be paid in all cases by the employer, without regard to negligence, according to the schedule contained in [§ 306] and [§ 307] of this article....

Our Supreme Court has elaborated on this section by stating that there are only two requirements for compensability: (1) that the injury arose in the course of employment and (2) that the injury was related to that employment. *Krawchuk v. Philadelphia Electric Company*, 497 Pa. 115, 439 A.2d 627 (1981). There is no dispute that Claimant here was an employee or that his injury was work related; the receipt of wages is nowhere required as a prerequisite to compensation.

The language in Section 306(a) relied upon by the Board was misconstrued as requiring the receipt of "some" wages as an additional prerequisite to compensation, but such a construction is contrary to the plain language of Section 306(a) taken as a whole. First, the section itself states that it merely establishes a "schedule of compensation." Second, it then establishes limits on what that compensation must be: "[it] shall not be more than the maximum compensation payable nor less than fifty per centum of the Statewide average weekly wage." Thus, the section establishes, generally, both a maximum, or ceiling, and a minimum, or floor, for compensation benefits. There then follows a sentence which modifies and limits the minimum compensation. In those instances where the claimant's actual wages are equal to or less than 50% of the Statewide average weekly wage, "then he shall receive ninety per centum of his average weekly wage as compensation, but in no event less than thirty-three and one-third per centum of the maximum compensation payable...." This reflects, no doubt, the intent of the General Assembly that a claimant may receive in compensation benefits more than what he actually earned in wages by working, if he does not earn one-half of the statewide average weekly wage. But there is no such further restriction on the minimum compensation of 33⅓% of the "maximum weekly compensation payable" if the claimant earns less than one-half of the statewide weekly wage.

Moreover, adoption of the construction proposed by the Board would controvert the purpose of the Act. The Act is remedial in nature and is to be liberally construed to effectuate its humanitarian purposes. *Krawchuk.* The position adopted by the Board would mean that a totally disabled claimant who had received even as little as one dollar per week in wages would receive compensation (*viz,* 33⅓% of the maximum weekly wage), whereas the Claimant in the instant case, because he received absolutely no wages (and only one dollar less than our hypothetical claimant), would receive nothing. Such an unjust result could certainly not have been intended by the General Assembly.

Having determined that the Claimant is entitled to compensation, it only remains to determine the amount of such compensation. As noted above, the second sentence of Section 306(a) controls this calculation because at the time of his injury, Claimant received zero dollars in wages which is less than fifty percent of the Statewide average weekly wage. Claimant's compensation, therefore, should be 90% of his average weekly wage (which would be zero) "but in no event less than thirty-three and one-third percent of the maximum weekly compensation payable." At the time of Claimant's injury, the maximum weekly compensation payable was $361,[9] and Claimant's compensation therefore should be $120.33 as correctly calculated by the referee.

Accordingly, the order of the Board is reversed and this case is remanded to allow the Board to enter an order awarding Claimant compensation based on the calculation set out above.

## ORDER

NOW, December 28, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and the case is remanded to the Board for further proceedings consistent with this opinion.

Jurisdiction relinquished.

PALLADINO, Judge, dissenting.

I respectfully dissent. Because I believe that an employee who does not suffer a wage loss is not entitled to workmen's compensation benefits as the result of a work-related injury, I would affirm the decision of the Board and deny Claimant benefits.

In reversing the decision of the Board, the majority states that Section 306(a) of the Act, 77 P.S. § 511, does not establish an employee's *right* to compensation but rather establishes the *rate* of compensation to be paid. According to the majority,

9. The "maximum weekly compensation payable" is equal to the Statewide average weekly wage. *See* Section 105.1 of the Act, 77 P.S. § 25.1.

an employee's right to compensation is established by Section 301(a), 77 P.S. § 431, without regard to Section 306(a).

In reaching this conclusion, the majority also relies upon *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981) in which our supreme court held that there are only two requirements for compensability: (1) that the injury arose in the course of employment; and (2) that the injury was related to that employment. The majority, therefore, reasons that because the parties in the present action do not dispute that Charles M. Walters (Claimant) was an employee or that his injury was work-related, Claimant is thereby entitled to benefits under the Act. According to the majority, the Act does not require the receipt of wages as a prerequisite to compensation. I disagree.

Section 301(a) provides, in pertinent part, as follows:
Every employer shall be liable for compensation for personal injury to, or for the death of each employe, by an injury in the course of his employment, and such compensation shall be paid in all cases by the employer, without regard to negligence, according to the schedule contained in sections [306(a) ] and [307] of this article....

77 P.S. § 431.

A reading of the plain language of the statute indicates that an employee's right to compensation is not established by Section 301(a) alone. Pursuant to the statute, an employer shall be liable for compensation according to the schedule contained in Sections 306(a) and 307 of the Act. Despite the statute's explicit reference to Section 306(a), the majority seeks to ignore this section in its analysis of whether an employee is entitled to compensation.

I note that pursuant to Section 306(a) of the Act, the compensation to which an injured employee is entitled is expressly based upon the employee's wages. Specifically, Section 306(a) provides, in pertinent part:
The following schedule of compensation is hereby established:
For total disability, sixty-six and two-thirds per centum of the *wages* of the injured employe ... beginning after the

seventh day of total disability, but the compensation shall not be more than the maximum compensation payable nor less than fifty per centum of the Statewide average weekly wage. If at the time of injury, the employe receives *wages* equal to or less than fifty per centum of the Statewide average weekly wage, then he shall receive ninety per centum of his average weekly wage as compensation, but in no event less than thirty-three and one-third per centum of the maximum weekly compensation payable....

77 P.S. § 511 (emphasis added).

When Sections 301(a) and 306(a) are read together, as they should be, they establish that an employee's entitlement to workmen's compensation is based upon the wages that the employee was earning prior to being injured. This interpretation is consistent with the purpose of the Act which is to provide benefits to employees who have suffered work-related injuries resulting in a loss of earnings. *U.S. Steel Corp. v. Workmen's Compensation Appeal Board (Airgood),* 62 Pa.Commonwealth Ct. 502, 437 A.2d 92 (1981).

Accordingly, because Claimant was not receiving any wages at the time of his injury and therefore had no wages upon which an award of compensation could be based, I would deny Claimant benefits and affirm the order of the Board.