**In re Petition to Transfer Structured Settlement Payment Rights of Curto**

*Bruce K. Warren,* for petitioner.

COHEN, G.D., *J.*, March 23, 2004—It is not the intention of this court to permit petitioners in uncertain and often desperate straits to be taken advantage of by companies whose overreaching make predatory lenders seem almost angelic by comparison.

Prior to the enactment of the Structured Settlement Protection Act, 40 P.S. §4002 et seq., the court was obligated to follow contract law and enforce contracts for the sale of structured settlements without the scrutiny now required by the Act. It is for this required analysis the court will deny reconsideration of the ruling denying the petition to transfer structured settlement rights.

On December 5, 2003, the petitioner appeared before this court seeking approval of a structured settlement transfer. At the time, the petitioner was represented by counsel. A hearing took place at which the petitioner and his counsel sought to persuade this court to approve the sale by petitioner to 321 Henderson Receivables of Philadelphia for $25,000 of an annuity valued at $38,627.

Such transactions are governed by the Structured Settlement Protection Act, 40 P.S. §4002 et seq. Pursuant to the terms of the Act, the proposed payee must file a petition requesting a transfer of payments. Approval of the petition is subject to a final order or decree of this court based upon express written findings that the transfer fulfills certain objective categories and "is in the best interest of the payee or his dependents." Pursuant to the Act, this court has jurisdiction to approve all such transfers. See 40 P.S. §4004.

At the aforementioned hearing it was the burden of the payee, Mario Curto, to establish that the transfer "is

in his best interest." See 40 P.S. §4003(a). During the hearing, the court found that the transfer was *not* in the best interest of Mr. Curto. The court denied the transfer.

Mario Curto has now filed a petition for reconsideration. The petition is timely and addressed to the discretion of the court. (See 42 P.S. §5505, empowering a court to modify or rescind an order without extraordinary cause shown within 30 days of the date the order was initially issued). The court finds the petition for reconsideration does not provide it with any additional reason that would compel allowance of the sale of the structured settlement. It will herewith deny the petition.

## DISCUSSION

When placed between the financial interests of an unsophisticated, injured lawsuit plaintiff and a concern that specializes in purchasing, for a discount, plaintiff's annuities, this court does not take lightly its statutory mandate to determine whether the person selling the annuity will reap the full benefit of the bargain—*i.e.,* whether the transfer is truly in his "best interests" based upon the facts. And the facts Mr. Curto presented to this court persuaded it to reach out and protect him from himself rather than reach over and hand him a sum of money to spend unpredictably at a desperate, vulnerable time of his life.

In a sense, the structured settlement statute places the court in the position of a guardian of a person who stands in the presumptive position of the defenseless recipient of a benefit. It is for the court to determine, as a guardian would, on an independent basis, whether the transaction serves the best interest of an unsophisticated (if not in-

competent) person. Since the acceptance of the cash payout is an irrevocable consequence of the transaction, this court's duties reflect the parens patriae inherent in its scrutiny of similar arrangements affecting the rights of incompetents. See *Matter of Terwilliger,* 304 Pa. Super. 553, 561, 450 A.2d 1376, 1380 (1982). Since the payee in the structured settlement transaction occupies the position of a party to a contract, his decision whether now to accept the overall reduced amount and possibly repudiate it at some later time would subject him to indefensible breach of contract attack.

In determining how to apply the term "best interest" within the meaning of the statute—in the absence of case law that would provide this court with guidance—the court must turn to analogous statutory authority. The closest model that the court can find is that section of the Workers' Compensation Act which vests in the workers' compensation judge the authority to approve a commutation of benefits—now called a compromise and release after the 1996 amendment to the Act. Payment in a lump sum pursuant to commutation or compromise and release is permissible if the court finds among other factors that such payment is in the best interest of the employee. See 77 P.S. §604. When a petition for commutation is heard by a workers' compensation referee, the referee must issue findings of fact which must in turn be supported by competent evidence justifying the commutation. See *Workmen's Compensation Appeal Board v. Montrose,* 20 Pa. Commw. 97, 340 A.2d 605 (1975). In the workers' compensation scheme the claimant must prove that commutation will be in his best interest. In *Linko v. W.C.A.B. (Roadway Express Inc.),* 153 Pa. Commw. 552, 621 A.2d

1188 (1993), the Commonwealth Court upheld the referee's denial of commutation where the claimant seeking a lump sum payment stated that he desired to obtain financial planning but did not present any testimony concerning specifically what he would do with the commuted funds. See 153 Pa. Commw. at 558, 621 A.2d at 1191. In a footnote the court recognized that the policy of the Workers' Compensation Act was to provide a regular income payable in installments over a long period to an injured worker. See *Huskins v. W.C.A.B. (University of Pennsylvania)*, 80 Pa. Commw. 161, 471 A.2d 114 (1984) (citing 1 A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease §5.43 (1975)). Similarly, this court finds that the intent of the Structured Settlement Protection Act is to insure that an otherwise financially defenseless and possibly injured individual would receive a regular, sustaining source of income. Unless the factual record sufficiently supports a compelling and reasonably informed necessity that the plaintiff receive a lump sum discounted payment, this court is reluctant to approve any petition akin to the one before it on the thin record offered in support.

Turning now to the facts of this particular case, the court believes that the record clearly demonstrates the proposed transfer of structured settlement was not in the best interest of Mr. Curto. The petitioner is 20 years old. He lives in Bensalem with a friend and the friend's parents. The structured settlement originated as a result of a lawsuit stemming from an automobile accident which occurred 13 years ago when the petitioner was 7 years old. Until the time he moved in with his friend and the friend's parents, the petitioner lived with his own par-

ents and, according to him "never saw a check, because my parents controlled it." (N.T. 12/5/03 p. 11.) At the hearing the petitioner enunciated a plan to resume school. However, he identified the institution he planned to attend as "Northeast Night School" (*Id.* p. 8) and told the court that cost per semester at Northeast Night School was $2,000. (*Id.*) It seemed to the court that the petitioner was identifying a public school. It is inconceivable that public school can and would charge $2,000 a semester, or anything per semester, so the petitioner's educational plans appeared to this court to be vague. The petitioner is currently unemployed and states that he suffers from epilepsy. (*Id.*) As a result of what the court heard at the hearing in this matter, the court must arrive at the inescapable conclusion that the petitioner may have a disability and is an individual living on the margins of existence. It would be hazardous to his future now to entrust him with a lump sum payment rather than rest assured that he will show some parsimony should he continue to receive the structured settlement that hitherto was negotiated for him. Hence, the court must conclude that based on the record before it Mr. Curto is at a high risk to dissipate the cash bonus inherent in a structured settlement transfer.

Modern jurisprudence dictates that:

"Judges will have to decide whether parties' contracts, structured by lawyers (sometimes with judicial involvement) should be endorsed by law."

Legal scholarship has focused the spotlight on the duty of judges in weighing the fairness and efficacy of structured settlements.

"Judges will have to turn settlement hearings into a closer approximation of adjudication than they have in the past. Judges will need to obtain competing descriptions of the quality of the settlements proposed, which is to say that some form of adversarial process is now necessary. Such a hybrid mode of disposition, drawing on both adjudication and settlement might usefully be understood as an adjudicatory settlement, distinct from a 'regular' settlement, in which a judge currently plays almost no role." (See Judith Resnick, *Money Matters: Judicial Market Interventions Creating Subsidies and Awarding Fees and Costs in Individual and Aggregate Litigation,* 148 U. Pa. L. Rev. 2119, 2160 (2000)).

As the author of the foregoing article points out "in some states judges have been charged with overseeing (either through legislative directive or by common-law developments) all structured settlements." See *e.g.,* 215 Ill. Comp. Stat. Ann. 5/155.34(a) (West Supp. 1999) (prohibiting insurance companies from making payments on a structured settlement in personal injury litigation to anyone other than the beneficiary); and Conn. Gen. Stat. Ann. §52-225f (West Supp. 1999) (requiring court approval of transfers of rights in structured settlements). The court notes that the Connecticut Act is identical in substance to the Pennsylvania Act, in that it requires the court to find that the transfer of structured settlement payment rights "is in the best interest of the payee and is fair and reasonable to all interested parties under all the circumstances then existing." *Id.* §10(c)(1).

In conclusion, this court holds that any proposed transfer under similar circumstances of structured settlement rights requires the firm intervention of the trial court for

the express statutory purpose of determining whether the transfer is in the best interest of the payee. The proposed transfer herein would operate against the best interest of the payee. Accordingly, the court will deny the petition.

## ORDER

And now, March 23, 2004, upon consideration of the motion for reconsideration of petitioner, Mario Curto, it is hereby ordered and decreed that said petition is denied.